KIRK B. LENHARD (Nevada Bar No. 1437)
Klenhard@bhfs.com
MITCHELL J. LANGBERG (Nevada Bar No. 10118)
MLangberg@bhfs.com
Brownstein Hyatt Farber Schreck, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106
Telephone: 702.382.2101
Facsimile: 702.382.8135

Attorneys For Defendants,
APRIL OLSON, and ROTHSTEIN DONATELLI,
HUGHES, DAHLSTROM, SCHOENBURG
& BIENVENU, LLP

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JENNIFER TURNER, an individual residing in the State of Nevada,<br><br>Plaintiff,<br><br>v.<br><br>APRIL OLSON, an individual residing in the State of Arizona; and ROTHSTEIN, DONATELLI, HUGHES, DAHLSTROM, SCHOENBURG & BIENVENU, LLP, a New Mexico limited liability partnership,<br><br>Defendants. | CASE NO.: 2:15-cv-01172-RFB-PAL<br><br>**STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION AND INADVERTENT DISCLOSURE** |

The parties, Plaintiff Jennifer Turner ("Plaintiff") and Defendants, April Olson and Rothstein, Donatelli, Hughes, Dahlstrom, Schoenburg & Bienvenu, LLP ("Defendants") (collectively, the "Parties", each individually, a "Party"), recognize that certain documents and information to be produced in the above action should be kept confidential, within the meaning of FED. R. CIV, P. 26(c), in order to protect the legitimate business and privacy interests of the parties and the legitimate business and privacy interests of third parties.

Therefore, IT IS HEREBY STIPULATED AND AGREED by and among the Parties, through their undersigned counsel, that the following procedures shall govern the disclosure of

information and documents in the above-entitled action (the "Action").

**1.      Types of Materials That May Be Designated**

1.1     This Order shall govern all documents and other products of discovery (whether formal or informal) including any documents, electronically stored information, things, answers to interrogatories, responses to requests for admission, deposition testimony, deposition transcripts and exhibits, other responses to requests for information, or other information, produced in response to discovery requests or informally (collectively, "Discovery Proceedings") in this Action by the Parties (hereafter, collectively, "Discovery"). In connection with Discovery in this Action, any supplying party (each, a "Supplying Party") may designate non-public documents, electronically stored information, materials, or information as "CONFIDENTIAL", or "HIGHLY CONFIDENTIAL-AEO" (collectively referred to as "Protected Material").

(a)     Any Supplying Party may designate as CONFIDENTIAL any Discovery the Supplying Party reasonably and in good faith believes contains confidential information used by it or a third-party in, or pertaining to, its or a third-party's business and/or operation and that is not generally known, or implicating the protectable privacy rights of any Party or third-party, or which any Party or third-party has a legal or contractual obligation to keep confidential, and which that Supplying Party would not normally reveal to third parties or, if disclosed, would require such third parties to maintain in confidence;

(b)     Any Supplying Party may designate as "HIGHLY CONFIDENTIAL-AEO" any Discovery that the Supplying Party reasonably and in good faith believes to contain particularly sensitive private, business, financial, market or other proprietary information, or which any Party or third-party has a legal or contractual obligation to keep confidential, the disclosure of which information is likely to have the effect of causing harm to the Supplying Party or third-parties.

1.2     Any copies or reproductions, excerpts, summaries, or other documents or media that paraphrase, excerpt, or contain HIGHLY CONFIDENTIAL-AEO or CONFIDENTIAL Discovery will also be treated as such pursuant to this Protective Order.

1.3     Regardless of whether Discovery is designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL –AEO, this Protective Order shall not apply to Discovery that:

(a)     Has been or became lawfully in the possession of the receiving party without being subject to a confidentiality obligation;

(b)     Has been or became part of the public domain, not due to any unauthorized act or omission on the part of the receiving Party or any of its authorized representatives or designees under this Protective Order; or

(c)     Is independently developed by the receiving party.

1.4     Nothing herein shall impose any restriction on the use or disclosure by a Party or a third-party of its own documents or information.

**2.     Designation of Confidential Information**

2.1     Any Discovery produced in this Action that is to be designated "HIGHLY CONFIDENTIAL-AEO" or "CONFIDENTIAL" may be so designated by the Supplying Party by providing copies of the Discovery so designated that are stamped with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-AEO", as appropriate. In the case of Discovery produced on magnetic, optical, other encoded media, or other electronically stored information (except for images of hard copy documents), the Supplying Party shall affix the legend "HIGHLY CONFIDENTIAL-AEO" or "CONFIDENTIAL", as appropriate, on the outside of the storage medium (e.g., the magnetic disk enclosure or CD-ROM). A receiving party desiring to make electronic copies of such media or portions thereof shall — if permitted to make such copies under the terms of this Protective Order affix the same designation on the copy as exists on the original, produced medium.

2.2     With respect to any deposition or testimony, any Party or third-party may designate as HIGHLY CONFIDENTIAL-AEO or CONFIDENTIAL those portions of a transcript (including exhibits) that such Party or third-party believes in good faith merit protection as CONFIDENTIAL or HIGHLY CONFIDENTIAL-AEO by stating orally on the record of a deposition what portion of information, exhibits, or testimony is to be so designated, or, in the alternative, by notifying all other Parties of such designation within 7 days of the date of the

deposition.  The Parties shall treat the deposition as HIGHLY CONFIDENTIAL-AEO for a period of 7 days after the date of the deposition.

**3.     Inadvertent Disclosure**

3.1     Any inadvertent failure to designate Discovery as CONFIDENTIAL or HIGHLY CONFIDENTIAL-AEO Information shall not constitute a waiver of a Party's or third-party's right to so designate such Discovery at a later date, provided that the designating Party, or designating third-party, promptly serves a written notice upon the receiving Parties upon learning of the inadvertent failure to designate or incorrect designation, along with a replacement copy of such Discovery marked with the appropriate legend.

3.2     Upon receipt of such replacement copy, the receiving Parties shall then take reasonable steps to destroy or return all unmarked or mismarked copies of such Discovery within 14 calendar days and certify in writing that they have done so.

**4.     Restrictions on Disclosure and Use of Confidential Information**

4.1     Protected Material, and all summaries, compilations, and/or derivatives thereof, whether oral or written, shall be maintained in confidence, and shall be used solely in the preparation, prosecution, or trial of this Action and not for any other purpose, and may not be disclosed by any party, attorney for a party, or other person subject to this Protective Order to any other person or entity (including any other client of an attorney in this case) except as provided in the following paragraphs:

4.2     Discovery which has been designated as HIGHLY CONFIDENTIAL-AEO may be disclosed to:

    (a)     Counsel for the respective parties who have appeared in this Action, including clerical, litigation support, paralegal employees, and attorneys who are regular employees of the same law firm;

    (b)     Independent, outside consultants/experts for each of the parties, who are not employed by or affiliated with any of the parties or a potential witness, but who are specifically engaged by counsel or the parties to assist in this Action.  However, prior to receiving any Protected Material, such persons shall be furnished with a copy of this Protective Order and

4

shall execute a copy of the "Undertaking Pursuant to Protective Order" attached hereto as Attachment A.  The signed undertaking along with the CV of the proposed independent, outside consultants/experts will be provided to opposing counsel who will have seven (7) calendar days to object along with the reasons for objection. During those seven days the independent, outside consultants/experts shall not have access to the Protected Material. The parties shall endeavor in good faith to resolve any dispute concerning independent, outside consultants/experts without calling upon the intervention of the Court. If the designating party maintains its objection and the parties are unable to reach agreement, either party may raise the issue with the Court. The objecting party shall have the burden of establishing the appropriateness of the objection;

    (c) The Court and its officers, court stenographers and outside copy services whose function requires them to have access to material designated as HIGHLY CONFIDENTIAL-AEO under this Protective Order;

    (d) Stenographic and/or videographic reporters engaged in proceedings incident to preparation for trial or trial;

    (e) Employees of copy services, trial graphics services, translation services, vendors engaged by counsel for processing electronic information and/or any other outside litigation support; and

    (f) Any person who is indicated on the face of a document to have been an author, addressee, or copy recipient of the document.

  4.3 Information that has been designated CONFIDENTIAL may be disclosed only to the persons identified in paragraph 4.2 above and to any Party to the action, including, for Parties that are legal entities, an employee of the parties, provided that any such person is directly involved in preparation, strategy, settlement or trial of this Action.  However, prior to receiving any Protected Material, such persons shall be furnished with a copy of this Protective Order and shall execute a copy of the "Undertaking Pursuant to Protective Order" attached hereto as Attachment A.

  4.4 Notwithstanding the foregoing, Protected Material identified by the opposing party in connection with the pre-trial order in this matter, including all documents listed on the

opposing party's exhibit list, any testimony in the opposing party's deposition designations, and any expert report (and exhibits to or material referenced in that report) of any expert on the opposing party's witness list, may be disclosed to employees of the Receiving Party whose duties include responsibility for, or whose assistance is needed in connection with, preparation, strategy, settlement or trial of this Action.  Prior to receiving any Protected Material, any persons described in section (b) of paragraph 4.2 or in paragraph 4.3 above shall be furnished with a copy of this Protective Order and shall execute a copy of the "Undertaking Pursuant to Protective Order" attached hereto as Attachment A.

      4.5     Nothing in this Protective Order shall prevent any counsel of record from utilizing Protected Material in the examination of any person who is reasonably alleged to be the author or source of the Protected Material or who is reasonably believed to have knowledge relating thereto. In addition,

      (a)     Parties and present employees of the parties, or employees of third parties, may be examined as a witness at depositions and trial and may testify concerning all Protected Material produced or designed by that party, or by the employee's employer if a third party;

      (b)     Former employees of the parties, or former employees of third parties, may be examined and may testify concerning all Protected Material produced or designated by the party or third party that formerly employed such person and which pertains to the period or periods of his/her employment and prior thereto; and

      (c)     Experts of the parties may be examined and may testify concerning all Protected Material produced or designated by the respective party which pertains to the subject matter of his/her consultation.

      4.6     Nothing in this Protective Order shall preclude any party from introducing Protected Material into evidence at any evidentiary hearing or at trial. However, if anyone intends to introduce or refer to Protected Material at any hearing or trial, the party wishing to make the disclosure shall first notify the Supplying Party and provide them with an opportunity to object and/or to ask the Court to take appropriate precautionary procedures (e.g., clearing the Courtroom, sealing the record, etc.).

4.7     Nothing in the Protective Order shall bar or otherwise restrict any attorney from rendering advice to a Party in this Action with respect to this Action and, in the course thereof, referring to or relying generally upon his examination of Protected Material, provided, however, that in rendering such advice and in otherwise communicating with his or her clients, the attorney shall not disclose the content of such information.

4.8     All copies, duplicates, extracts, summaries, or descriptions (hereinafter collectively referred to as "copies") derived from any documents or information subject to this Protective Order, or any portion thereof, shall be affixed with the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-AEO" as appropriate (and if those words do not already appear) immediately upon creation of same by a Party.

4.9     Nothing herein shall be construed to limit in any way a Party's or a third-party's use of its own HIGHLY CONFIDENTIAL-AEO or CONFIDENTIAL Discovery.

**5.     Disclosure of Confidential Material to the Court**

5.1     No materials designated as "HIGHLY CONFIDENTIAL-AEO" or "CONFIDENTIAL", nor any pleading, memorandum of law, motion, letter, or other document disclosing such materials (collectively, "Confidential Records"), shall be filed with the Court except as provided herein.

5.2     Confidential Records that consist of materials designated as "HIGHLY CONFIDENTIAL-AEO" or "CONFIDENTIAL", shall be sealed. All HIGHLY CONFIDENTIAL-AEO or CONFIDENTIAL Discovery that is filed with the Court shall be filed under seal in accordance with the Court's procedures.

5.3     Pursuant to Local Rule 10-5(b), "papers filed with the Court under seal shall be accompanied by a motion for leave to file those documents under seal, and shall be filed in accordance with the Court's electronic filing procedures."  A party seeking to file a confidential document under seal must comply with the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and Special Order 109.  Further, any confidential materials that are filed with the Court, and any pleading, motion or other paper filed

with the Court containing or disclosing any such confidential material shall be filed under seal and shall bear the legend:

"THIS DOCUMENT CONTAINS CONFIDENTIAL INFORMATION/MATERIAL COVERED BY A PROTECTIVE ORDER OF THE COURT AND IS SUBMITTED UNDER SEAL PURSUANT TO THAT PROTECTIVE ORDER. THE CONFIDENTIAL CONTENTS OF THIS DOCUMENT MAY NOT BE DISCLOSED WITHOUT THE EXPRESS ORDER OF THE COURT."

**6.     Confidential Material Subject to Subpoena or Other Compulsory Process**

6.1     Nothing in this Protective Order shall prevent a receiving Party or receiving third party from complying with a valid subpoena or other compulsory process that requires production or disclosure of, HIGHLY CONFIDENTIAL-AEO or CONFIDENTIAL Discovery, provided, however, that any person in possession of HIGHLY CONFIDENTIAL-AEO or CONFIDENTIAL  Discovery who receives a subpoena (or other compulsory process) from any person (including natural persons, corporations, partnerships, firms, governmental agencies, departments, bodies, boards or associations) who is not a party to this Protective Order seeking production or other disclosure of HIGHLY CONFIDENTIAL-AEO or CONFIDENTIAL Discovery shall not produce such information without written consent from the Supplying Party, unless that person gives telephonic notice and written notice by email to counsel for the Supplying Party enclosing a copy of the subpoena or other compulsory process at least ten (10) days prior to producing such HIGHLY CONFIDENTIAL-AEO or CONFIDENTIAL Discovery, or as soon as practicable.

6.2     Third parties served with a subpoena in this Action shall be entitled to protect their documents and information under this protective order using the same procedures and standards as applied to the parties.   Where a Party has a contractual, legal or other duty to protect the privacy or other confidential interests of a third party, a Party may also act to protect documents and information in their own possession or in the possession of third parties under this protective order.  Within seven (7) days of receipt of any documents and information from any third party, the Party will provide copies of the received documents and information to the opposing Party.

Both the Party and the opposing Party will maintain the third party Protected Materials and information under this protective order.

**7.     Other Remedies And Relief Are Not Limited**

7.1     Nothing herein shall prevent any Party or third-party from seeking by application to the Court further, greater or lesser protection with respect to the use of any HIGHLY CONFIDENTIAL-AEO or CONFIDENTIAL Discovery in connection with this Action.

7.2     Any Party or third-party may move the Court for a modification of or relief from the terms of this Protective Order at any time.

7.3     The entry of this Protective Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery requests.

7.4     The entry of this Protective Order shall not be construed as a basis for permitting the production of Discovery that would not otherwise be discoverable but for the existence of the Protective Order.

7.5     Any party believing that particular information has been improperly marked, i.e., that it is not in fact HIGHLY CONFIDENTIAL-AEO or CONFIDENTIAL, may challenge such designation at any time by raising the issue in writing to the designating party, and specifically identifying, by document identification (Bates) number, by deposition page and line, or by other appropriate specific identifier, the information whose confidentiality status is challenged. Within seven (7) business days of receipt of such writing, the designation party shall either remove or reduce the designation or respond that it has reviewed the matter and continues to maintain the designation in good faith. The parties shall endeavor in good faith to resolve any such dispute without calling upon the intervention of the Court. If the designating party maintains its designation and the parties are unable to reach agreement, the challenging party may bring the issue to the Court. The designating party shall have the burden of establishing the appropriateness of the designation, except that a party claiming that information designated under this Protective Order by the other is in the public domain shall have the burden of proving such public knowledge. Challenged information shall be treated as designated until the resolution of the dispute by the parties or ruling by the Court.

**8.     Inadvertent Production Does Not Waive Privileges**

8.1     In accordance with applicable law, if a Party produces information that the receiving Party or attorney recognizes as potentially privileged, the receiving Party or attorney will stop its review, not distribute the information and notify the producing Party's attorney of the possible inadvertent production of privileged material.

8.2     The inadvertent production of information or documents that would be protected from disclosure pursuant to the attorney-client privilege, the work product privilege, or any other relevant privilege or immunity will not constitute a waiver of the applicable privilege or immunity. If any such information or document is inadvertently produced in discovery and first recognized by the producing Party, the recipient of the information or document will, upon request from the producing Party or third-party: (a) collect (including from attorneys, Parties, experts, consultants or any other person who has obtained the information or document as permitted by this Protective Order) and return all copies of the information or documents to the producing Party or third-party within three business days of written notice from producing Party or third-party.  To the extent the document or information has been provided to a person who is not under the control of the recipient Party or Attorney and that person refuses to voluntarily return the document or information to that Party, that Party will identify  and provide the contact information of the person who refuses to do so; (b) collect (including from attorneys, Parties, experts, consultants or any other person who has obtained the information or document as permitted by this Protective Order)  and destroy all notes and other work-product reflecting the content of the material and delete the material from any litigation support or other database within three business days of written notice from producing Party or third-party.  To the extent the document or information has been provided to a person who is not under the control of the recipient Party or Attorney and that person refuses to voluntarily return  and destroy the information in this section, that Party will identify and provide the contact information of the person who refuses to do so; and (c) make no further use of such information or documents for any purpose unless and until further order of the Court. To the extent the receiving Party or its attorney has reason to suspect that material covered by an applicable privilege or immunity has

been inadvertently produced, it will promptly notify the producing Party or third-party and identify the documents in question. The return of any discovery information or material to the producing Party or third-party will not in any way preclude the receiving Party from moving the Court for a ruling that (a) the information or document was never privileged, or (b) any privilege or immunity has been waived. In any application to the Court under this paragraph, the allegedly privileged document may, as appropriate, be disclosed for in camera inspection by the Court, but pending the Court's ruling, may not otherwise be used. If the Court does not grant the application, then the privileged document(s) shall be returned or destroyed as provided herein.

**9.     Inadvertent or Unauthorized Disclosure**

9.1     If a receiving Party discloses Protected Material, through inadvertence, to any person not authorized under this Protective Order to receive that information, then the receiving Party shall immediately notify in writing the Party or third-party who designated the materials as Protected Materials and use its best efforts to retrieve immediately all copies of such Protected Material and to bind the person to whom the material was improperly disclosed to the terms of this Protective Order.

9.2     In such event, the receiving Party shall also (a) promptly inform such person of all the provisions of this Protective Order; (b) identify such person immediately to the remaining Parties or producing third-party; and (c) provide such person a copy of this Protective Order. Upon such receipt of a copy of this Protective Order, any such person shall be subject to its provisions.

9.3     The foregoing shall not relieve a Party of liability, if any, for disclosing Protected Material in violation of this Protective Order.

**10.     Return/Destruction of Confidential Material After this Action Ends**

10.1     After termination of this Action, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the Parties and recipients of the HIGHLY CONFIDENTIAL-AEO or CONFIDENTIAL Discovery for enforcement of the provisions of this Order following termination of this Action.

10.2    At such time any expert or consultant for a Party is no longer anticipated to conduct any additional work for that Party in the Action or at the time set forth in Paragraph 10.3, whichever comes first, all Protected Materials provided by a Party to an expert or consultant shall be recovered from the expert or consultant by the attorney for that Party and such expert or consultant shall be instructed that they may not retain any copy, excerpt, summary or portion of the Protected Materials or, in the alternative, the expert or consultant may destroy the items listed above.  The expert or consultant shall certify in writing that all such Discovery materials have been returned or destroyed, as the case may be, and shall include in the certification their compliance with this Protective Order..

10.3    Upon termination of this Action by dismissal, judgment, or settlement, Discovery designated HIGHLY CONFIDENTIAL-AEO or CONFIDENTIAL shall, at the request of the Supplying Party, be returned to the Supplying Party within sixty (60) days, or, at the option of the Supplying Party or third-party, destroyed in that time frame. Upon request, each receiving Party or third-party shall provide the Supplying Party with a letter certifying that all Protected Material required to be returned or destroyed pursuant to the provisions of this Protective Order has been returned or destroyed. Nothing contained herein shall prevent counsel appearing for each Party in this Action from maintaining a complete file (including drafts) of each propounded discovery request with its corresponding response, all pleadings, affidavits, motions, briefs, notes, memoranda, email, correspondence, and other documents or electronically stored information constituting work product that were internally generated based upon or which include HIGHLY CONFIDENTIAL-AEO or CONFIDENTIAL Discovery, and all deposition transcripts together with the exhibits marked at the deposition, deposition video or audio tapes, hearing transcripts, and trial transcripts, provided that such outside counsel takes appropriate steps to prevent the disclosure of Protected Material contrary to the terms of this Order. In the event that outside counsel maintains such documents or electronically stored information, it shall not disclose material containing any type of HIGHLY CONFIDENTIAL-AEO or CONFIDENTIAL Discovery to another party or client absent subpoena or court order. Upon receipt of any subpoena for HIGHLY CONFIDENTIAL-AEO or CONFIDENTIAL Discovery, the Party

receiving the subpoena shall immediately notify outside counsel for the Supplying Party of the subpoena so that the latter may protect its interests. In the event that Discovery materials are returned to or destroyed at the request of the producing Party or third-party, the other Party or its outside counsel shall certify in writing that all such Discovery materials have been returned or destroyed, as the case may be, and shall include in the certification their compliance with this Protective Order.

**11.   Enforcement of this Order**

11.1   In the event anyone shall violate or threaten to violate the terms of this Protective Order, any Party may immediately apply to obtain injunctive relief against any such person. This shall not be construed as limiting a Party's right to seek other remedies, including damages, if any, in the event of a violation.

11.2   This Order shall be binding upon the Parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

11.3   This Court shall retain jurisdiction over the Parties and the subject matter of this Order for the purpose of enforcing its terms.

| | |
|---|---|
| DATED this 7th day of October, 2016 | DATED this 7th day of October, 2016 |
| GIBBS GIDEN LOCHER TURNER SENET & WITTBRODT LLP | BROWNSTEIN HYATT FARBER SCHRECK, LLP |
| By: */s/ Timothy P. Elson*<br>     RICHARD E. HASKIN<br>     Nevada Bar No. 11592<br>     TIMOTHY P. ELSON<br>     Nevada Bar No. 11559<br>     1140 N. Town Center Drive<br>     Suite 300<br>     Las Vegas, Nevada  89144-0596<br><br>*Attorney for Plaintiff*<br>*JENNIFER TURNER* | By: */s/ Mitchell J.  Langberg*<br>     MITCHELL J. LANGBERG<br>     Nevada Bar No. 10118<br>     KIRK LENHARD<br>     Nevada Bar No. 1437<br>     100 North City Parkway, Suite 1600<br>     Las Vegas, Nevada  89106<br><br>*Attorneys For Defendants,*<br>*APRIL OLSON, and ROTHSTEIN*<br>*DONATELLI, HUGHES, DAHLSTROM,*<br>*SCHOENBURG & BIENVENU, LLP* |

## ORDER

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the foregoing Stipulated Protective Order is APPROVED.

**IT IS SO ORDERED.**

DATED this __13th__ day of _____October_____, 2016.



_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE

Respectfully submitted by:

**BROWNSTEIN HYATT FARBER SCHRECK, LLP**

By: __/s/ Mitchell J. Langberg__
    KIRK B. LENHARD (Nevada Bar No. 1437)
    Klenhard@bhfs.com
    MITCHELL J. LANGBERG, ESQ. (Nevada Bar No. 10118)
    mlanberg@bhfs.com
    BROWNSTEIN HYATT FARBER SCHRECK, LLP
    100 North City Parkway, Suite 1600
    Las Vegas, Nevada 89106-4614
    Telephone: (702) 382-2101
    Facsimile:  (702) 382-8135

EXHIBIT A

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JENNIFER TURNER, an individual residing in the State of Nevada,<br><br>Plaintiff,<br><br>v.<br><br>APRIL OLSON, an individual residing in the State of Arizona; and ROTHSTEIN, DONATELLI, HUGHES, DAHLSTROM, SCHOENBURG & BIENVENU, LLP, a New Mexico limited liability partnership,<br><br>Defendants. | CASE NO.: 2:15-cv-01172-RFB-PAL<br><br>**UNDERTAKING PURSUANT TO PROTECTIVE ORDER** |

1.   I have received a copy of the Protective Order (the "Protective Order") entered by the United States District Court for the District of Nevada (the "Court") in the above-referenced action on October _____ 2016. I have carefully read and understand all of the provisions of the Protective Order.

2.   I agree to be bound by all of the provisions of the Protective Order, I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Protective Order, and will not copy or use except for purposes of this action, any information designated as "HIGHLY CONFIDENTIAL-AEO" or "CONFIDENTIAL" which I receive in this action. I further agree not to reveal CONFIDENTIAL and/or HIGHLY CONFIDENTIAL-AEO Discovery under this Protective Order, including my copies or notes relating to such Discovery, to anyone other than another person authorized to have access to such information according to Paragraphs 4.2 and 4.3 of the Protective Order.

3.   I understand a violation of the Protective Order may be punishable by contempt of Court, and I hereby consent to the jurisdiction of the Court for the purpose of enforcing the terms and restrictions of the Protective Order.

Executed on_____   By:_____

# CERTIFICATE OF SERVICE

Pursuant to Fed.R.Civ.P.5(b), and Section IV of District of Nevada Electronic Filing Procedures, I certify that I am an employee of Brownstein Hyatt Farber Schreck, LLP, and that a true and correct copy of the **STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION AND INADVERTENT DISCLOSURE** was served via electronic service, via CM/ECF, on this 7th day of October, 2016, and to the address(es) shown below:

| | |
|---|---|
| Richard E. Haskin, Esq.<br>Timothy P. Elson, Esq.<br>Gibbs Giden Locher Turner Senet & Wittbrodt LLP<br>7450 Arroyo Crossing Parkway, Suite 270<br>Las Vegas, Nevada  89113-4059<br>(702) 836-9800 – Telephone<br>(702) 836-9802 - Facsimile<br>E-mail:  rhaskin@gglts.com<br>E-mail:  telson@gglts.com | *Attorney for Plaintiff,*<br>JENNIFER TURNER |

DATED this 7th day of October, 2016

                     */s/ Mitchell J. Langberg*
                     Employee of Brownstein Hyatt Farber Schreck, LLP